**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 7 <br> ) <br> ) 1:24-bk-11860-JLG <br> ) <br> ) <br> ) |
| GENERALHEALTH GROUP, INC., | |
| Debtor. | |

**JOINT MOTION FOR RELIEF FROM AUTOMATIC**
**STAY AND MEMORANDUM OF LAW IN SUPPORT**

Movants, Mitchell J. Magid, DMD ("**Dr. Magid**"), Mitchell J. Magid DMD, P.C., and Magid Enterprises, LLC, by authorization of Dr. Magid, who is a member and manager of Magid Enterprises, LLC (collectively the "**Practice**"), and P3 Acquisition Holdings, LLC ("**P3**," and together with Dr. Magid and the Practice, ("**Movants**")), by and through their respective undersigned counsel, and pursuant to 11 U.S.C. § 362(d) ("**Section 362**") and Rule 4001-1 of the Local Rules of this Court, respectfully move for relief from automatic stay to reclaim and foreclose on property previously sold or leased to GeneralHealth Group, Inc. (the "**Debtor**"):

**FACTS AND PROCEDURAL HISTORY**

1. On June 30, 2023, the Practice entered into an agreement to sell of its assets to the Debtor, and thereby entered an asset purchase agreement (the "**Purchase Agreement**"). A copy of the Purchase Agreement is attached hereto as **Exhibit A**.

2. In addition to the Purchase Agreement, on the same date, the Debtor executed a promissory note in favor of the Practice, agreeing to pay the Practice the sum of Two Million Five Hundred Twelve Thousand One Hundred Eighty-Two and 45/100 Dollars ($2,512,182.45) (the "**Promissory Note**"). A copy of the Promissory Note is attached hereto as **Exhibit B**. *See* Ex. B.

1

3. The Promissory Note also includes an "Applicable Law" provision whereby the Practice and the Debtor designated the laws of the Commonwealth of Virginia to construe the Promissory Note. *See* Ex. B.

4. The payment obligations of the Debtor under the Purchase Agreement and Promissory Note were secured by a valid, perfected lien and security interest in favor of the Practice in and to all of the right, title, and interest in and to the assets purchased by the Debtor under the Purchase Agreement or otherwise acquired, including, but not limited to the Lease, and Employment Agreement, as defined below, (the "**Collateral**") pursuant to a security agreement made by and between the Practice and the Debtor (the "**Security Agreement**"). A copy of the Security Agreement is attached hereto as **Exhibit C**.

5. An appropriate UCC-1 was filed to perfect the Security Agreement. on or about March 5, 2024-. A copy of the UCC-1 is attached hereto as **Exhibit D**.

6. In connection with the Purchase Agreement, the Promissory Note and the Security Agreement, the Debtor and Mr. Magid also entered into an employment agreement (the "**Employment Agreement**") whereby, in exchange for Dr. Magid's professional services, the Debtor agreed to compensate Dr. Magid. The Employment Agreement is attached hereto as **Exhibit E**.

7. Magid Enterprises, LLC, a Virginia limited liability company and an entity of which Dr. Magid is a member, owns real property located at 1612 Graves Mill Road, Lynchburg, VA 24502 (the "**Premises**"). Pursuant to and in connection with the Purchase Agreement, the Debtor, and thereby the Practice, and Magid Enterprises, LLC, entered into a lease agreement whereby the Debtor would lease the Premises from Magid Enterprises, LLC (the "**Lease**"). A copy

of the Lease is attached hereto as **Exhibit F**. The Lease was also a collateralized asset, which interest in its entirety was subject to the Security Agreement.

8. The Debtor failed to honor any of its purchase or lease rights from its attempted purchase, nor did they make payments under the Purchase Agreement, Promissory Note, Security Agreement or Lease which should have commenced on June 30, 2023, and the Debtor failed to timely pay any of its obligations arising thereunder. *See* Ex. B.

9. The Promissory Note provides, in part, that, in the event of default, "[the Practice] may…accelerate this Promissory Note and at any time thereafter exercise any and all rights and remedies available to [the Practice] hereunder, under the Purchase Agreement, the Security Agreement and/or pursuant to applicable law." *See* Ex. B.

10. Further, the Promissory Note described the following as events of default:

(a) if [the Debtor] fails to make any payment required under this Promissory Note within thirty (30) days after its due date (other than the payment in full on the Maturity Date); (b) if [the Debtor] is in breach of or in default under the Purchase Agreement, and any such breach or default continues unsecured for thirty (30) days after written notice from [the Practice]….

*See* Ex. B.

11. The Security Agreement also provides, in part, that:

[i]f any Event of Default shall have occurred and be continuing beyond any applicable cure periods, the [Practice], without any other notice to or demand upon [the Debtor], may assert all rights and remedies of a secured party under the UCC or other applicable law, including, without limitation, the right to take possession

3

of, hold, collect, sell, lease, deliver, grant options to purchase or otherwise retain, liquidate or dispose of all or any portion of the Collateral.

*See* Ex. C.

12. On March 12, 2024, the Practice delivered to the Debtor, written notice of its breach and default of the Purchase Agreement, Promissory Note and Security Agreement (the "**Default Notice**"), demanding due payment prior to April 11, 2024. A copy of the Default Notice is attached hereto as **Exhibit G**.

13. Substantially all of the tangible Collateral remains at the leased Premises and within Dr. Magid's authority and control.

14. On April 12, 2024, Dr. Magid and the Practice filed a complaint for injunction against the Debtor, GeneralHealth Group of Virginia, LLC and Lesley Lopez, a/k/a Ruth Berenstein in the Circuit Court for the City of Lynchburg, VA under Case Number CL24000386-00.

15. In the complaint, Dr. Magid and the Practice requested that the court enter a permanent restraining order against the defendants preventing their attempting to take possession or retaining possession of any of the plaintiff's assets, or otherwise interfering with the plaintiff's business.

16. As of the date of this filing, the Debtor has failed to make an appearance, file responsive pleadings, or otherwise dispute Dr. Magid's and the Practice exercising its rights under the Purchase Agreement, the Promissory Note or the Security Agreement.

17. On October 29, 2024, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. §§ 101, *et seq. See* Doc. No. 1. In its Schedules

31929405v4

A, B, G and Statement of Financial Affairs, the Debtor has failed to assert any rights in the Practice's personal or real property to be purchased or leased by the Debtor.

18. As of the date of this filing, the Debtor failed to fulfill its payment obligations and cure its breach of the Purchase Agreement, the Promissory Note, Security Agreement or Lease after Notice of Default resulting in an "Event of Default" as defined in the Promissory Note, thereby triggering all rights and remedies available to the Practice set forth in the Promissory Note, Security Agreement, Lease and applicable law, including, "the right to take possession of, hold, collect, sell, lease, deliver, grant options to purchase or otherwise retain, liquidate or dispose of all or any portion of the Collateral." *See* Ex. C.

19. The Practice now seeks relief from the automatic stay to the extent necessary, to continue its possession of all collateralized assets and retain those assets after default and notice to the Debtor, which occurred well before the commencement of this Bankruptcy Case.

**ARGUMENT AND AUTHORITIES**

**I. Relief is warranted under Section 362(d)(2) because the Debtor lacks equity in the Collateral, and no reorganization is possible.**

20. Section 362(d)(2) allows for relief from automatic stay when: (1) a debtor has no equity in the property, and (2) the property is not necessary for an effective reorganization.

21. In this case, the Debtor has no equity in the Collateral or Premises, and because this is a Chapter 7 liquidation, there is no reorganization to preserve.

22. Furthermore, under Virginia law, a secured party has the right to retake possession of collateralized assets. *See* Va. Code Ann. § 8.9A-609.

    **A. Relief is warranted under Section 362(d)(2) because the Debtor lacks equity in the Collateral, which is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a).**

5

23. The Debtor lacks equity in the Collateral, as it has failed to fulfill any of its obligations under the Purchase Agreement, Promissory Note, Security Agreement or Lease.

24. Pursuant to Va. Code Ann. § 8.9A-609, following a default, a secured party has the right to take possession of secured assets pursuant to judicial process.

25. Further, pursuant to Va. Code Ann. § 8.9A-102(73)(A) a "secured party" means "a person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding."

26. 11 U.S.C. 541(a) provides that property of the estate is, *inter alia*, "all legal or equitable interest of the debtor in property as of the commencement of the case."

27. Here, the Debtor's interest in the Collateral and Premises was conditioned on meeting its obligations under the Purchase Agreement, Promissory Note, Security Agreement and Lease.

28. The Debtor lacks equity in the Collateral, as it has failed to meet its obligations under the Promissory Note, Purchase Agreement, Security Agreement or Lease.

29. Further, the Debtor failed to include any reference to the Collateral or Lease in its schedules, summary of assets and has therefore judicially admitted to having no such interest in the Collateral. *See* Doc. No. 1.

30. Accordingly, Movants respectfully request that this court grant their motion for relief from the automatic stay.

> **B. The Practice and Dr. Magid have the right to reclaim and foreclose on the Collateral under Article 9 of the Uniform Commercial Code ("UCC") and to retake the Premises under the Lease.**

31. Consistent with applicable Virginia law, which governs the Security Agreement and Lease, the Practice is entitled to reclaim and foreclose on the Collateral and to retake the Premises.

31929405v4

32. Virginia Code § 8.9A-609 expressly permits a secured party to take possession of collateral following a debtor's default, either through judicial process or self-help, provided it can be accomplished without a breach of peace.

33. The Practice provided the Debtor with its written Default Notice on March 12, 2024, prior to the bankruptcy filing.

34. Further, all of the tangible Collateral have remained on the Premises, and have never been removed, and within Dr. Magid's authority and control and subject to applicable landlord's liens which attached prior to the Petition Date.

35. Additionally, Va. Code Ann. § 8.9A-609 allows a secured party to dispose of collateral through a commercially reasonable sale following default.

36. Here, the Practice and Dr. Magid intend to proceed with an foreclosure sale pursuant to Article 9 of the UCC to mitigate its damages, consistent with the requirements of the UCC.

37. The Debtor's default and failure to comply with its obligations under the Purchase Agreement, Promissory Note, Security Agreement, and the Lease unequivocally trigger the Seller's rights under these provisions.

38. Additionally the Practice and Dr. Magid retain the right to retake the Premises under the Lease as permitted by its terms. *See* Ex. F.

39. The automatic stay should not impede the Practice's rights to exercise its state-law remedies.

40. Movants further request a waiver of the 14-day stay under Rule 4001(a)(3).

41. Additionally, Movants respectfully request that this Court compel the Debtor to reject the Lease.

31929405v4

42. The Lease was not listed in the Debtor's schedules, which demonstrates lack of intent to assume it.

43. Requiring the Debtor to promptly reject the Lease would mitigate unnecessary administrative expenses to the estate and allow Movants to pursue their rights under applicable non-bankruptcy law.

44. This alternative relief is appropriate to ensure the efficient administrative of the estate and to prevent further prejudice to Movants.

45. In accordance with the Court's directive, if a preliminary hearing on this Motion is unavailable within the statutory timeframe set forth in 11 U.S.C. § 362(e), Movants hereby waive their rights under 11 U.S.C. § 362(e)(1) solely to schedule a hearing on the Motion beyond the statutory timeframe. Specifically, Movants consent to the continuation of the automatic stay beyond the 30-day period under 11 U.S.C. § 362, pending a hearing on this Motion.

WHEREFORE, Movants respectfully request that this Court enter an order (i) for declaratory relief determining that the Collateral and the Lease/Premises do not constitute property of the Estate, (ii) granting relief from the automatic stay to validate the Practice's rights to dispose of the Collateral through a commercially reasonable sale following default, (iii) to require the Debtor to reject the Lease, and (iv) granting such other relief as this Court deems necessary and proper.

## CERTIFICATION OF MEET AND CONFER

Counsel for P3 Acquisition Holdings, LLC certifies that they met and conferred with Kennith Silverman, Chapter 7 Trustee, on January 14, 2025, regarding the issues raised in this motion, including relief from automatic stay to proceed with a sale under Article 9 of the Uniform Commercial Code and to retake the Premises subject to the Lease. The Trustee does not oppose the filing of this Motion.

Dated: January 23, 2025.   Respectfully submitted,

/s/ Joseph A. Sanzone
Joseph A. Sanzone, Esq.
*Pro Hac Vice Application Forthcoming*
**SANZONE & BAKER, LLP**
Primary E-Mail: valaw@sanzoneandbaker.com
1106 Commerce Street, Ste. 3A
Lynchburg, VA 24504
Phone: (434) 846-4691
Fax: (800) 927-1565
*Counsel for Dr. Magid and the Practice*

*\*Filer's Attestation: Pursuant to Local Rule 5005-2 regarding signatures, Steven M. Berman attests that concurrence in the filing of this paper has been obtained.*

/s/ Steven M. Berman
Steven M. Berman, Esq.
New York Bar No. 5872247
**SHUMAKER, LOOP & KENDRICK, LLP**
101 E. Kennedy Blvd., Suite 2800
Tampa, Florida 33602
T: (813) 229-7600 | F: (813) 229-1660
Primary email: sberman@shumaker.com
Secondary emails: choffman@shumaker.com
*Counsel P3 Acquisition Holdings, LLC*

9

31929405v4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 23, 2025, the foregoing was furnished by CM/ECF system, which caused an electronic copy to automatically be served on those registered for service, and via First Class Mail as indicated on the attached mailing matrix.

                                                /s/     Steven M. Berman
                                                Attorney

31929405v4

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0208-1<br>Case 24-11860-jlg<br>Southern District of New York<br>Manhattan<br>Thu Jan 23 14:00:55 EST 2025 | GeneralHealth Group, Inc.<br>244 Fifth Avenue, L270<br>New York, NY 10001-7604 | Manhattan Division<br>One Bowling Green<br>New York, NY 10004-1415 |
| ADP, INC<br>PO BOX 830272<br>PHILADELPHIA, PA 19182-0382 | ARENTFOX SCHIFF<br>1717 K STREET NW<br>WASHINGTON, DC 20006-5344 | ASTOUND BROADBAND<br>C/O RCN TELECOM SERVICES, LLC<br>PO BOX 11816<br>NEWARK, NJ 07101-8116 |
| ASTOUND BUSINESS SOLUTIONS LLC<br>650 COLLEGE RD E, STE 3100<br>ATTN: LEGAL DEP'T<br>PRINCETON, NJ 08540-6629 | AUEN WORLD MEDICAL STAFFING<br>INC. 10231 EAST 145TH AVE<br>BRIGHTON, CO 80602-5704 | CFG MERCHANT SOLUTIONS<br>180 MAIDEN LANE, 15TH FLOOR<br>NEW YORK, NY 10038-5150 |
| CHRISTOPHER C. CYRUS, ESQ.<br>4300 MANSFIELD DAM ROAD #331<br>AUSTIN, TX 78734-3331 | CONEDISON<br>PO BOX 138<br>NEW YORK, NY 10276-0138 | COSMETIC DENTAL ARTISTRY<br>3223 BEAVER VU DR., SUITE B<br>DAYTON, OH 45434-6488 |
| ENNOBIN INC.<br>1760 UTICA AVENUE #1089<br>BROOKLYN, NY 11234-2121 | GENERALHEALTH GROUP OF TEXAS<br>244 FIFTH AVENUE, L270<br>NEW YORK, NY 10001-7604 | GENERALHEALTH GROUP OF TEXAS LLC<br>1106 S WS YOUNG DR<br>KILLEEN, TX 76543-4881 |
| GENERALHEALTH GROUP OF VIRGINIA LLC<br>1612 GRAVES MILL ROAD<br>LYNCHBURG, VA 24502-4329 | GREGORY MESSER<br>LAW OFFICES OF GREGORY MESSER<br>26 COURT STREET, STE 240<br>BROOKLYN, NY 11242-0103 | HAYNIE & COMPANY<br>8303 NORTH MOPAC EXPWY, SUITE A-120<br>AUSTIN, TX 78759-8395 |
| METAMORPHOSIS SOLUTIONS, LLC<br>5000 ARROWHEAD TRAIL W SW<br>LILBURN, GA 30047-5246 | MICHEL NERET, MD<br>54 FLAG LAKE PLAZA<br>LAKE JACKSON, TX 77566-6263 | MICHEL NERET, MD<br>C/O GAUNTT KOEN BINNEY & KIDD<br>25700 I-45 NORTH, STE130<br>SPRING, TX 77386 |
| MITCHELL MAGID, DMD PC<br>1612 GRAVES MILL RD<br>LYNCHBURG, VA 24502-4329 | MOUNTAINVIEW ORAL SURGERY<br>& IMPLANT CENTER<br>1612 GRAVES MILLS RD<br>LYNCHBURG, VA 24502-4329 | Michael Neret, MD<br>2520 Caroline, 2nd Floor<br>United States<br>Houston, TX 77004-1000 |
| NOAH MEEK<br>25700 I-45 NORTH, SUITE 130<br>SPRING, TX 77386 | Noah Meek<br>2520 Caroline, 2nd Floor<br>Houston, TX 77004-1000 | OFFICE OF THE U.S. TRUSTEE<br>EASTERN DISTRICT OF NY<br>ONE BOWLING GREEN<br>NEW YORK, NY 10004-1415 |
| OTTAWA DENTAL LABORATORY, LLC<br>1615 E. NORRIS DRIVE<br>OTTAWA, IL 61350-1613 | Paris Gyparakis, Esq.<br>Porzio, Bromberg & Newman, P.C.<br>Counsel to the Debtor<br>1675 Broadway, Ste 1810<br>New York, NY 10019-5820 | RICHMOND HILL COSMETIC<br>9080 YONGE ST UNIT 7<br>RICHMOND HILL, ON<br>L4C0Y7 CANADA |

```
RUTH BERENSTEIN                      SAFCO DENTAL SUPPLY                   SANZONE & BAKER, LLP
432 SUYDAM STREET                    1111 CORPORATE GROVE DR.              1106 COMMERCE STREET, SUITE 3A
BROOKLYN, NY 11237-3459              BUFFALO GROVE, IL 60089-4546          ATTN: JOSEPH A. SANZONE, ESQ.
                                                                           LYNCHBURG, VA 24504-1722


SOUTHWEST HIGHWAY MEDICAL, LLC       United States Trustee                 WILSON ELSER MOSKOWITZ EDELMAN
11900 SOUTHWEST HIGHWAY              Office of the United States Trustee - NY   909 FANNIN STREET, STE 3330
PALOS PARK, IL 60464-1200            Alexander Hamilton Custom House       ATTN: JOHN R. SHEPPERD, ESQ.
                                     One Bowling Green, Room 534           HOUSTON, TX 77010-1014
                                     New York, NY 10004-1459


(p)KENNETH P  SILVERMAN              Paris Gyparakis
ATTN TRUSTEE                         Porzio, Bromberg & Newman, P.C.
100 JERICHO QUADRANGLE               1675 Broadway, Ste 1810
SUITE 300                            New York, NY 10019-5820
JERICHO NY 11753-2702
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Kenneth Silverman                    End of Label Matrix
RIMON P. C.                          Mailable recipients    37
Kenneth Silverman, Chapter 7 Trustee Bypassed recipients     0
100 Jericho Quadrangle, #300         Total                  37
Jericho, NY 11753
```