# EXHIBIT D

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**

**B. Email Address**

**C. SEND ACKNOWLEDGEMENT TO:**
Name

Address

Address

City/State/Zip

FLORIDA SECURED TRANSACTION REGISTRY

FILED

2024 Mar 05 03:38 PM

****** 202400576511 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

### 1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names

| 1.a ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| GENERALHEALTH GROUP INC. | | | | |
| 1.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1.c MAILING ADDRESS Line One | | | | |
| 244 5TH AVE, L270 | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | NEW YORK | NY | 10001 | USA |

### 2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names

| 2.a ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2.c MAILING ADDRESS Line One | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

### 3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY (3a OR 3b)

| 3.a ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MITCHELL J MAGID, DMD, P.C. | | | | |
| 3.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3.c MAILING ADDRESS Line One | | | | |
| 1612 GRAVES MILL ROAD | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | LYNCHBURG | VA | 24502 | USA |

### 4. This FINANCING STATEMENT covers the following collateral:

ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN AND TO THE PURCHASED ASSETS, AS DEFINED THAT CERTAIN ASSET PURCHASE AGREEMENT DATED JUNE 30, 2023 BETWEEN DEBTOR AND SECURED PARTY, WHEREVER LOCATED, AND ALL PROCEEDS OF EACH OF THE PURCHASED ASSETS, ALL BOOKS AND RECORDS RELATING TO THE PURCHASED ASSETS, ALL SUPPORTING OBLIGATIONS RELATED THERETO, AND ALL ACCESSIONS TO, SUBSTITUTIONS AND REPLACEMENTS FOR, AND RENTS, PROFITS AND PRODUCTS OF, EACH OF THE FOREGOING, AND ANY AND ALL PROCEEDS OF ANY INSURANCE, INDEMNITY, WARRANTY OR GUARANTY PAYABLE TO THE GRANTOR FROM TIME TO TIME WITH RESPECT TO ANY OF THE FOREGOING

### 5. ALTERNATE DESIGNATION (if applicable)
☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR
☐ AG LIEN ☐ NON-UCC FILING ☐ SELLER/BUYER

### 6. Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX
☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.
☒ Florida Documentary Stamp Tax is not required.

### 7. OPTIONAL FILER REFERENCE DATA
File with the State of Florida

ORGUF-260024

STANDARD FORM - FORM UCC-1 (REV.05/2013)     Filing Office Copy     Approved by the Secretary of State, State of Florida

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM – ADDITIONAL PARTY

**18. NAME OF FIRST DEBTOR (1aOR 1b) ON RELATED FINANCING STATEMENT**

| 18a. ORGANIZATION'S NAME  KSF NW 110th Street, LLC | | | |
|---|---|---|---|
| 18b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**19. MISCELLANEOUS:**

---

**20. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY ONE DEBTOR NAME (20a OR 20b) – Do Not Abbreviate or Combine Names

| 20.a ORGANIZATION'S NAME  KSF NW 79th Street, LLC | | | |
|---|---|---|---|
| 20.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 20.c MAILING ADDRESS Line One  3000 NW 110th Street | This space not available. | | |
| MAILING ADDRESS Line Two | CITY  Miami | STATE  FL | POSTAL CODE  33167 | COUNTRY |

**21. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY ONE DEBTOR NAME (21a OR 21b) – Do Not Abbreviate or Combine Names

| 21.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 21.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 21.c MAILING ADDRESS Line One | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

**22. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY ONE DEBTOR NAME (22a OR 22b) – Do Not Abbreviate or Combine Names

| 22.a ORGANIZATION'S NAME  KIPP Miami, Inc. | | | |
|---|---|---|---|
| 22.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 22.c MAILING ADDRESS Line One  3000 NW 110th Street | This space not available. | | |
| MAILING ADDRESS Line Two | CITY  Miami | STATE  FL | POSTAL CODE  33167 | COUNTRY |

**23. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME** – INSERT ONLY ONE SECURED PARTY (23a OR 23b)

| 23.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 23.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 23.c MAILING ADDRESS Line One | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

**24. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME)** – INSERT ONLY ONE SECURED PARTY (24a OR 24b)

| 24.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 24.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 24.c MAILING ADDRESS Line One | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

STANDARD FORM - FORM UCC-1 ADDITIONAL PARTY (REV.05/2013)   Filing Office Copy   Approved by the Secretary of State, State of Florida

Or GUF: 259902

# EXHIBIT A TO UCC FINANCING STATEMENT

**Debtor:** KSF NW 110th Street, LLC
3000 NW 110th Street
Miami, Florida 33167

**Secured Party:** Wilmington Trust, National Association, as Master Trustee
Corporate Trust Department
99 Wood Avenue South, 10th Floor
Iselin, New Jersey 08830

All right, title and interest in the Pledged Property established pursuant to that certain Master Trust Indenture, dated as of March 1, 2022, among the Debtor, the Secured Party, KSF 79 and KIPP Miami, as amended and supplemented from time to time (collectively, the "Master Trust Indenture"), consisting of the following:

(a) The Revenue Fund (including all moneys, investment income and investments therein, and in and to the Gross Receipts); and

(b) The Mortgaged Property

For purposes of this Exhibit, the following terms, shall have the respective meanings set forth below:

"**Accounts**" shall mean any of Commodities Accounts, Deposit Accounts or Securities Accounts.

"**Authenticated Hedge**" shall have the meaning set forth in Section 6.1 of the Master Trust Indenture.

"**Commodities Accounts**" shall mean all Commodities Accounts, as that term is defined in the UCC, of the Members of the Obligated Group. Unless otherwise stated, the term "Commodities Account" shall include any subaccounts established under a Commodities Account.

"**Deposit Accounts**" shall mean all demand, time, savings, passbook or like accounts of the Members of the Obligated Group maintained with a bank, savings and loan association, credit union or like organization. Unless otherwise stated, the term "Deposit Account" shall include any subaccounts established under a Deposit Account.

"**Fiscal Year**" shall mean the fiscal year of each Obligated Issuer, which shall be the period commencing on the first day of January of any year and ending on the last day of December of the same year, unless the Master Trustee is notified in writing by the Obligated Group Representative of a change in such period, in which case the Fiscal Year shall be the period set forth in such notice; provided, however, that each Obligated Issuer shall have the same Fiscal Year.

"**Gross Receipts**" means all revenues, rents, profits, receipts, benefits, royalties, and income of an Obligated Issuer arising from services provided by such Obligated Issuer or arising in any manner with respect to, incident to or on account of the Obligated Issuer's operations (including fundraising operations), including, without limitation, (i) with respect to KIPP Miami, to the extent permitted by applicable law, the right to receive payments from the State of Florida Department of Education and/or any county in which KIPP Miami is operating a charter school, as applicable, under the Schools of Hope Program (Section 1002.333, F.S.), and the Florida charter school statutes (Section 1002.33 and 1013.62 F.S.) and the acts amendatory thereof and supplemental thereto; (ii) School Lease Payments and other rents received from the lease of space;
(iii) gifts, grants, bequests, donations, contributions and pledges, subject to the restriction below, (iv) contract rights and other rights and assets now or hereafter owned by an Obligated Issuer, (iv) insurance proceeds or any award, or payment in lieu of an award, resulting from condemnation proceedings (v) investment earnings on and other income from amounts held in the Revenue Fund; and (vi) all proceeds from the sale or other transfer of any goods, inventory and other tangible and intangible property, and all rights to receive the foregoing, whether now owned or hereafter acquired; provided, however, that Gross Receipts shall not include (1) income derived from defeasance Obligations that are irrevocably deposited in escrow to pay the principal of or interest on any defeased Obligations; (2) income derived from the investment of funds or Accounts held outside

the Master Indenture, (3) any federal funding received by KIPP Miami, but only to the extent that such funds are specifically restricted to a particular purpose which is inconsistent with using such funds for payments required under this Master Trust Indenture or on any Obligations or Indebtedness, (4) any gains or losses resulting from the sale, exchange or other disposition of property not in the ordinary course of business, or the reappraisal, reevaluation or write-up of assets, or any other extraordinary gains or losses; (5) proceeds of the issuance of Obligations, unless specifically provided under a Supplemental Indenture; (6) income derived from investment earnings on amounts held in the rebate fund under a Related Bond Indenture and (7) gifts, grants, bequests, donations, contributions and pledges, and the income and gains derived therefrom, which are specifically restricted by the donor or grantor to a particular purpose which is inconsistent with their use for payments required under this Master Trust Indenture or on any Obligations or Indebtedness; and provided further that deposits of Gross Receipts with the Master Trustee shall only be required to the extent that an Obligated Issuer has accumulated an amount equal to at least $100,000, unless otherwise directed by the Obligated Group Representative.

"**Guaranty**" or "**Guaranties**" shall mean individually or collectively, as applicable, any obligation issued under the Master Trust Indenture by an Obligated Issuer, under the terms of which the Obligated Group guarantees in any manner, whether directly or indirectly, any indebtedness of any Person other than a Member of the Obligated Group.

"**Indebtedness**" means any obligation of a Member of the Obligated Group for the payment of money to any Person other than a Member of the Obligated Group, including without limitation (i) indebtedness for money borrowed, (ii) purchase money obligations (iii) leases evidencing the acquisition of capital assets, (iv) reimbursement obligations provided, however, that reimbursement obligations supporting credit or liquidity facilities shall not constitute Indebtedness until such time as a reimbursement payment becomes due and payable under the agreement entered into in connection with such reimbursement obligations, and (v) guarantees of any such obligation of a third party, but excluding (a) obligations under contracts for supplies, services and pensions allocable to current Operating Expenses during the current or future Fiscal Years in which the supplies are to be delivered, the services rendered or the pensions paid in future Fiscal Years and (b) rentals payable in the current or future Fiscal Years under leases not intended to evidence the acquisitions of capital assets.

"**KIPP Miami**" shall mean KIPP Miami, Inc., a Florida not for profit corporation.

"**KSF 79**" shall mean KSF NW 79th Street, LLC, a Florida limited liability company.

"**KSF 110**" shall mean KSF NW 110th Street, LLC, a Florida limited liability company.

"**Lease**" shall mean any lease agreement between KIPP Miami and an Obligated Issuer for the lease of any Mortgaged Property for use by KIPP Miami as a School of Hope under the Schools of Hope Program (Section 1002.333, F.S.), and the acts amendatory thereof and supplemental thereto.

"**Lien**" shall mean any mortgage of, security interest in, lien, charge or encumbrance on or pledge of Property, which is not real property.

"**Members of the Obligated Group**" shall mean, collectively, the Obligated Issuers.

"**Member**" shall mean each Obligated Issuer.

"**Mortgage**" shall mean, any mortgage, security interest, Lien, or encumbrance on or pledge of property that is real property, pledged as security pursuant to the Master Trust Indenture.

"**Mortgaged Property**" means the premises described in any Mortgage, as the same may be modified from time to time as permitted therein.

"**Note**" shall mean any Note issued hereunder by an Obligated Issuer, to evidence Indebtedness (other than Indebtedness to another Obligated Issuer) incurred pursuant to the terms hereof.

"**Obligated Group**" shall mean, collectively, all Obligated Issuers.

"**Obligated Group Representative**" shall mean initially KIPP Miami, and thereafter any Obligated Issuer as the then incumbent Members of the Obligated Group shall designate as the Obligated Group Representative, as evidenced by an Officer's Certificate delivered to the Master Trustee.

"**Obligated Issuer**" or "**Obligated Issuers**" shall mean (i) initially collectively or individually, as applicable, KSF 79, KSF 110 and KIPP Miami, and any other Person which has become an Obligated Issuer in accordance with the provisions of Article Eleven of the Master Trust Indenture and has not withdrawn from the Obligated Group pursuant to Article Eleven of the Master Trust Indenture, whether or not such Person has issued any Obligations hereunder, and (ii) when used in respect of any particular Obligation or other Indebtedness, shall mean the issuer thereof.

"**Obligations**" shall mean Notes, Guaranties and Authenticated Hedges.

"**Officer's Certificate**" shall mean a certificate signed by the Chairman, Vice Chairman, Treasurer, President, any Vice President or Chief Financial Officer of one or more Members of the Obligated Group. When an Officer's Certificate is required pursuant to the Master Trust Indenture to set forth matters relating to all Members of the Obligated Group, such Officer's Certificate shall be signed by the Chairman, Vice Chairman, President, any Vice President or Chief Financial Officer of each Obligated Issuer; provided that the Obligated Group may designate one or more officers to undertake primary responsibility for the supervision of specified matters for all Members of the Obligated Group and to sign Officer's Certificates relating to such matters on behalf of the Obligated Group, in which event any Officer's Certificate relating to such matters shall be signed by such officer or officers; and further provided that the Obligated Issuers can designate the Obligated Group Representative to deliver such Officer's Certificate on behalf of all of the Obligated Issuers.

"**Operating Expenses**" shall mean, for any Fiscal Year, all expenses incurred in connection with the operations of a Member of the Obligated Group for such period or, as the context requires, of the entire Obligated Group.

"**Person**" shall mean an individual, a corporation, a partnership, an association, a joint stock company, a venture, a trust, an unincorporated organization or a government or any agency or political subdivision thereof.

"**Property**" shall mean any and all right, title and interest of a Person in and to all property, whether real or personal, tangible or intangible, and wherever situated.

"**Related Bond Indenture**" means any indenture, trust agreement, bond resolution, loan agreement or other comparable instrument pursuant to which a series of Related Bonds are issued.

"**Related Bond Issuer**" means a governmental issuer of any Related Bonds and any financial institution or other Person serving as lender of proceeds of any Related Bonds pursuant to a Related Bond Indenture or Related Loan Agreement.

"**Related Bonds**" shall mean means the revenue bonds or other obligations issued by any Related Bond Issuer pursuant to a Related Bond Indenture or obligations incurred by an Obligated Issuer pursuant to a Related Loan Agreement, the proceeds of which are loaned or otherwise made available to an Obligated Issuer in consideration of the execution, authentication and delivery of an Obligation or Obligations to or for the order of such Related Bond Issuer.

"**Related Loan Agreement**" means any loan agreement, financing agreement or other comparable instrument pursuant to which an Obligated Issuer incurs Indebtedness.

"**Revenue Fund**" shall mean the Revenue Fund established pursuant to Section 6.2 of the Master Trust Indenture.

"**School**" shall mean, initially KIPP Miami, and thereafter any other school identified in a Supplemental Indenture.

"**School Lease Payments**" shall mean any payments made by KIPP Miami to an Obligated Issuer under a Lease.

"**Securities Account**" shall mean all securities accounts, as that term is defined in the UCC, of the Members of the Obligated Group. Unless otherwise stated, the term "Securities Account" shall include any subaccounts established under a Securities Account.

"**Supplemental Indenture**" shall mean an indenture supplemental to, and authorized and executed pursuant to the terms of, the Master Trust Indenture.

"**UCC**" shall mean the Uniform Commercial Code as in effect in the State of Florida from time to time.