UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

GENERALHEALTH GROUP, INC.,

                            Debtor.
------------------------------------------------------------x

Chapter 7
Case No: 24-11860 (JLG)

**DECLARATION OF BRIAN POWERS, ESQ., IN
SUPPORT OF TRUSTEE'S APPLICATION FOR ENTRY OF AN
ORDER AUTHORIZING THE EMPLOYMENT OF RIMON P.C. AS
ATTORNEYS FOR THE TRUSTEE EFFECTIVE AS OF JANUARY 1, 2025**

Brian Powers, pursuant to 28 U.S.C. §1746, declares under penalty of perjury:

1. I am a Partner of the firm of Rimon P.C. ("Rimon") which maintains an office at, among other locations, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I have been duly admitted to practice law before this Court.

2. I submit this declaration in support of the application of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the estate of GeneralHealth Group, Inc. (the "Debtor") for an order authorizing the retention of Rimon as attorneys for the Trustee, effective as of January 1, 2025, pursuant to section 327(a), of title 11, United States Code, and to provide the disclosures required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

Rimon's Qualifications

3. Rimon is an international law firm with 47 offices in 11 countries. Among its diverse practice areas, Rimon has a specialization in representing debtors, committees, trustees, and other parties in this Court and in bankruptcy courts in other jurisdictions. Accordingly, Rimon is well qualified to represent the Trustee in this case.

Disinterestedness

4. In preparing this Declaration, Rimon compared creditor and interested party information obtained from the Trustee to Rimon's database of present and former clients and

adverse parties. In the event Rimon receives additional information regarding additional creditors and interested parties, I will update the disclosures contained herein in a supplemental declaration to the extent necessary.

5. The database maintained by Rimon includes every matter in which the firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties. All open clients and matters, as well as clients and matters closed within the prior three years, are regularly reviewed whenever a conflict check is run. It is the policy of Rimon that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the database the information necessary to check each new matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

6. Insofar as I have been able to ascertain, neither Rimon nor its partners, counsel or associates represent or hold any interest adverse to the estate of the Debtor in the matters upon which Rimon is to be engaged, unless specifically set forth herein.

Specific Disclosures

7. Neither Rimon, nor its partners, counsel or associates, have received or been promised compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

8. Furthermore, neither Rimon, nor its partners, counsel, associates, or any other employee of Rimon, have any connection with the Office of the United States Trustee, the Honorable James L. Garrity, Jr., or the members of the Court's chambers. Annexed hereto as **Exhibit "A"** is a more fully detailed affidavit.

9. No agreement or understanding exists between Rimon and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this case, nor shall Rimon share or agree to share

compensation received for services rendered in connection with this case with any other person other than as permitted by section 504 of the Bankruptcy Code.

    10.    Rimon does not represent, and will not represent, any creditors or any other party in interest in any matter adverse to the Trustee or the Debtor's estate.

    11.    Rimon is a "disinterested person" as that term is defined in Bankruptcy Code §101(14), in that Rimon:

    a.    is not a creditor, an equity security holder or insider of the Debtor;

    is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

    does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

Billing Practices

    12.    Rimon shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

    13.    The Trustee has been advised that, subject to periodic adjustment, the hourly rates for the attorneys and paraprofessionals of Rimon that will be engaged in this matter are as follows: paraprofessionals $210.00 to $300.00; and attorneys $375.00 to $850.00.

    14.    Rimon and the Trustee have not agreed to any variations from, or alternatives to, Rimon's standard billing arrangements for this engagement. The hourly rates used by Rimon in representing the Trustee are consistent with the rates that Rimon charges other clients in bankruptcy cases, regardless of the location of the pending matter.

    15.    If Rimon raises its hourly rates during the pendency of this case, Rimon will inform

in writing the Trustee, U.S. Trustee, and the Court of the new rates at least ten (10) business days prior to such increase in accordance with 11 U.S.C. §330(a)(3)(F). Parties in interest, including the U.S. Trustee, shall retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under 11 U.S.C. §330. However, supplemental affidavits are not required for rate increases effective on or after the date the Trustee submits the Trustee's Final Report to the United States Trustee.

16.    Rimon customarily bills clients for expenses related to the rendition of services, including without limitation, photocopies, faxes, overnight delivery services, courier services, research services, and transportation expenses. Such out-of-pocket expenses are passed through to the client, and Rimon does not make a profit from such expenses.

Dated: Jericho, New York
           February 18, 2025

                                                                             *s/ Brian Powers*
                                                                             Brian Powers, Esq.