UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

GENERALHEALTH GROUP, INC.,

                        Debtor.

------------------------------------------------------------x

Chapter 7
Case No: 24-11860 (JLG)

# ORDER APPROVING EMPLOYMENT OF
# RIMON P.C. AS ATTORNEYS FOR THE TRUSTEE

Upon consideration of the application (the "Application") of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the estate of GeneralHealth Group, Inc. (the "Debtor"), seeking authority to employ Rimon P.C. ("Rimon") to represent the Trustee as his attorneys; and upon the declaration of Brian Powers, Esq. (the "Powers Declaration"), a member of Rimon, which is attached to the Application; and it appearing that: (i) the employment of Rimon is necessary and would be in the best interests of the estate; (ii) Rimon is a "disinterested person" as that term is defined in §101(14) of Title 11, United States Code (the "Bankruptcy Code"); and (iii) Rimon is a firm duly qualified to practice in the Courts of the State of New York and before this Court, and that the firm represents no interest adverse to the estate, and no adverse interest appearing thereto and no additional notice being required; it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that effective as of January 1, 2025, in accordance with Bankruptcy Code §327(a), Rimon is authorized and empowered to represent the Trustee as his attorneys to perform the following duties: (i) with the Trustee's investigation of the Debtor's financial affairs, including the possible liquidation of accounts receivables; (ii) pursue the recovery of any assets of the Debtor's estate and/or avoidance claims on behalf of the Debtor's estate, and (iii) assist the Trustee in the orderly administration of this estate, including preparing the necessary motions, applications, orders, and other legal documents that may be required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure in furtherance of the Trustee's appointment; and it is further

**ORDERED**, that ten business days' notice must be provided by Rimon to the Debtor, the United States Trustee and the Court prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in §330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to §330 of the Bankruptcy Code; and, it is further;

**ORDERED**, that all compensation and reimbursement of expenses to be paid to Rimon shall be subject to prior application to, and award by, this Court, pursuant to Bankruptcy Code §§330 and 331, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

**ORDERED**, that in the event of a discrepancy between the terms of this Order, the Application or the Powers Declaration, the terms of this Order shall prevail; and it is further

**ORDERED**, that notwithstanding any provision to the contrary in the Application or the Powers Declaration, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: New York, New York
       February __, 2025

_____
Honorable James L. Garrity
United States Bankruptcy Court Judge

**NO OBJECTION:**

_____
Office of the United States Trustee